IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DON AIRSMAN, JR.                                                            PETITIONER
ADC #154517

V.                              CASE NO. 5:16-CV-00329-JM-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

<u>DISPOSITION</u>

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

Procedural History

On March 28, 2013, Petitioner was found guilty of the first-degree murder of William Allen Jones, Jr. by a jury in Hempstead County, Arkansas. The Petitioner had been living in the home of Mr. Jones, his former stepfather, since his mother's death. (Tr. 1031) According to Petitioner's father, Donnie Airsman, Sr., he witnessed his son shoot Mr. Jones at Jones' residence, then load the body into the victim's vehicle, and drive the vehicle thirty to forty-five minutes out of town. (Tr. 1037- 1046 ) The victim's vehicle was found in Bowie County, Texas, fully engulfed in flames, and Mr. Jones' burnt body was recovered inside the vehicle. (Tr. 255) Petitioner was sentenced to life imprisonment plus a fifteen-year enhancement for use of a firearm in the commission of the murder of Mr. Jones. (DE #10-2) Petitioner filed a direct appeal of his conviction arguing that there was insufficient evidence to support his conviction; the circuit court erred by denying his motion to suppress his statements; and the court erred by denying his motion in limine to exclude certain photographs of the victim's burnt body. *See Airsman v. State*, 2014 Ark. 500 (2014). On December 4, 2014, the Arkansas Supreme Court affirmed Petitioner's conviction and sentence. *Id.*

On February 9, 2015, Petitioner filed his *pro se* petition for post-conviction relief in the trial court, pursuant to Arkansas Rule of Criminal Procedure 37.1. (DE # 10-6, p. 52-57) Petitioner raised four claims for relief: (1) a juror, who failed to disclose his inappropriate contact with six deputies and Petitioner during a break in the trial, should have been removed from the jury; (2) the prosecution granted immunity to his father, Donnie Airsman, Sr., without notifying the trial judge; (3) the prosecutor improperly stated

3

the investigation was ongoing pending trial; therefore, the trial court was never able to rule on Petitioner's self-defense claim prior to trial; and (4) the prosecution played only a portion of a video, purposely omitting a part that allegedly showed a "deal made by the prosecutor and a witness." *Id.*   The circuit court denied the petition, finding that the allegations fell "short of meeting the requirement of a valid collateral attack," and Petitioner was not entitled to a hearing based on the conclusory nature of his allegations. (DE # 10-6, p. 63-64).

Petitioner appealed the denial of his Rule 37 relief to the Arkansas Supreme Court. On appeal, Petitioner made the following arguments in support of his Rule 37.1 petition: (1) failure of trial counsel to point out to the judge an incident that occurred between a juror and deputies during a break, and also when the trial court asked if anyone on the jury had been affected by anyone talking to them, a comment was made that "he, [Donnie Airsman], just whispered to the jury and said, self-defense;" (2) the prosecution did not play a recording properly, and his trial counsel failed to object to the prosecutor's misconduct; (3) several claims of prosecutorial misconduct and ineffective assistance of counsel because his counsel allowed the misconduct to occur; (4) conflict of interest with trial counsel due to counsel's interaction with Petitioner on a different case when Petitioner was a corrections officer in Miller County, Arkansas, that the Petitioner claims resulted in trial counsel refusing to let him testify on his behalf and put forth mitigating evidence; and (5) a "catch-all" argument that the jury was tainted by "numerous events that would have effected their ability to render a fair and impartial verdict based on the evidence." (DE # 10-6)   The Arkansas Supreme Court affirmed the denial of post-conviction relief on

November 5, 2015.  (DE # 10-8)  Following that decision, Petitioner filed a second petition

for post-conviction relief in the trial court, which was denied and dismissed.  He sought a

writ of mandamus requesting that the Arkansas Supreme Court direct the trial court "to file

and sign documents concerning an appeal of the order denying and dismissing his second

Rule 37.1 petition."  Petitioner's mandamus petition was denied.  *See Airsman v. State,*

2016 Ark. 297.

On October 14, 2016, Petitioner timely filed a petition for writ of habeas corpus (DE

# 2), pursuant to 28 U.S.C. § 2254, asserting that he was denied a fair trial, received

ineffective assistance of counsel, and has been subjected to cruel and unusual punishment

on the following bases:

1. Donnie Airsman, Sr., a witness for the State and the defense, whispered to the jury during his testimony that the crime was self-defense;

2. Defense's exhibit #1 was tampered with by the prosecution to exclude the portion of the tape where a deal was made between the prosecutor and a witness;

3. Denial of Petitioner's right to testify;

4. No mitigating evidence was presented to the jury;

5. Prosecutor tainted the jury by referring to the killing as a murder;

6. Prosecutor made "patriotic statements" during trial;

7. Prosecutor referred to things not in evidence;

8. Prosecutor made personal statements;

9. Prosecutor commented on Petitioner not testifying;

10. Prosecutor "instructed the jury;"

11. Prosecutor attacked defense counsel;

12. Prosecutor commented on defense witnesses during closing argument;

13. Prosecutor commented on multiple pieces of evidence that were never shown to the jury;

14. Prosecutor lied about granting Donnie Airsman, Sr. immunity;

15. Prosecutor misstated evidence;

16. Tainted juror stayed on the jury; and

17. He was proven innocent and that was hidden from the court.

Respondent filed her response on December 21, 2016, and admits Petitioner is in her custody and there currently are no non-futile state remedies available to him. (DE # 10) She denies, however, that Petitioner is entitled to a hearing in this Court or to habeas corpus relief. *Id.* Petitioner filed a Reply on February 17, 2017, arguing that his claims cannot be procedurally defaulted, as averred by the Respondent, because each of the seventeen (17) claims have been before "both District and State." (DE # 16)

Discussion

A.     Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court

6

due to untimeliness or some other state procedural hurdle meets the technical requirements

for exhaustion because there are no longer any state remedies that are available to him.

*Grass v. Reitz,* 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S.

722, 732 (1991)).   "However, that petitioner's procedural default may constitute an

'independent and adequate state ground' barring federal habeas relief absent a showing of

either cause or prejudice or actual innocence."   *Id.* (internal citations omitted).   "[W]e ask

not only whether a prisoner has exhausted his state remedies, but also whether he has

*properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the

state courts."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).   To meet this fair

presentation requirement, "state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established

appellate review process."   *Id.* at 845.   "A failure to exhaust remedies properly in

accordance with state procedure results in procedural default of the prisoner's claims."

*Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

   1.   *Claims 2, 14, and 16: Brought for the first time in Rule 37 petition.*

   Claims 2 and 14, which the Respondent argues are procedurally defaulted, both

concern alleged prosecutorial misconduct.   With regard to the claims of prosecutorial

misconduct, the Arkansas Supreme Court ruled those were claims that "should be raised at

trial or on direct appeal and are not claims that may be raised for the first time in a Rule 37

petition."   (DE # 10-8, p. 4)   Because the court refused to rule on the merits of the claims,

and because the claims were not cognizable in the proceeding in which they were raised,

the claims are procedurally defaulted.

The "fair trial" portion of Claim 16 is also procedurally defaulted; however, because the Arkansas Supreme Court ruled on the merits of the "ineffective assistance of counsel" portion of Claim 16, this Court will address Claim 16 in its entirety in Section B below.

2. *Claims # 1, 3, 4, 5, 6, 7, 8, 9, 10, 15, and 17: Brought for the first time in the Rule 37 appeal.*

All eleven (11) claims were raised or mentioned for the first time in Petitioner's Rule 37 appeal brief.  Regarding all of these claims, the Arkansas Supreme Court held that none were raised below for the trial court to consider, and furthermore, were not asserted in the original or an amended Rule 37 petition; therefore, pursuant to Arkansas law it could not consider the issues since they were raised for the first time on appeal. *Id.* at 3.  These claims are also procedurally defaulted.

3. *Claims # 11, 12, and 13.*

These three claims were not raised in any state proceedings whatsoever, but instead, are raised for the first time in Petitioner's § 2254 petition.  Accordingly, these claims are also procedurally defaulted.

4. *Cause and Actual Innocence Exceptions*

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004).  "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v.*

*Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman*, 501 U.S. at 753).   Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default.  *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).  Petitioner has not established cause for the default or actual prejudice because of the alleged violations of federal law, or alleged facts showing a fundamental miscarriage of justice.   Instead, Petitioner made it clear in his Reply that it is his belief that exhaustion requirements are complete "when the petitioner fairly presents the claims one time to the highest state court that has the power to consider it."  However, as discussed above, that is simply not all that is required.

Claim 17 involves an "innocence claim," and therefore, the Court will discuss that as a possible exception to the procedurally defaulted claims.  To invoke the "fundamental miscarriage of justice" exception to showing cause and prejudice for a defaulted claim, Petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). "[A] claim of 'actual innocence' is . . . a gateway through which a habeas petitioner

9

must pass to have his otherwise barred constitutional claim considered on the merits." *Mansfield v. Dormire*, 202 F.3d 1018, 1024 (8th Cir. 2000) (internal citations omitted). Petitioner alleges it is Arkansas law that "if self-defense can't be proven, then the case is presented to a jury to be decided." (DE # 2, p. 27)  Furthermore, he alleges it was proven prior to trial that the killing was self-defense but this discovery was "hidden from the court."  Petitioner sets forth no evidence to support this claim.  Therefore, because the Petitioner has not offered any new evidence to establish his actual innocence, the fundamental miscarriage of justice exception does not apply in this case.

     5.   *Martinez Exception*

Petitioner does not raise *Martinez* to excuse the default of his ineffective assistance of counsel claims; however, because Petitioner lacked counsel during his initial-review collateral proceeding, which can be cause for procedural default of those claims under *Martinez*, the Court will address the exception.  Under *Martinez v. Ryan,* Petitioner may establish cause to excuse default of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral process.  566 U.S. 1 (2012). To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective assistance of counsel claims have "some merit." 566 U.S. at 14.  A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17.  A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 16.  This exception only applies to ineffective assistance of trial counsel claims, and it is

not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014).

Petitioner makes a corollary ineffective assistance of counsel claim for each one of the points on appeal raised in his § 2254 petition. For the purposes of this Court's *Martinez* analysis, Petitioner's points on appeal are grouped into five categories: (1) the "whispering witness" claim; (2) denial of his right to testify; (3) lack of mitigating evidence introduced; (4) innocence claim; and (5) claims of prosecutorial misconduct.

        a.  "Whispering witness" claim;

As previously discussed, this claim was raised for the first time on appeal from the denial of the Rule 37 relief. Petitioner alleges ineffective assistance of counsel because a witness, Donnie Airsman, Sr., whispered "self-defense" to the jury during his testimony. (DE # 2, p. 11) Petitioner, however, does not establish or even state how this incident violated his right to effective assistance of counsel. When the situation was presented to the court, the judge questioned jurors to find out if they heard Donnie Airsman, Sr. whisper anything during his testimony. One juror admitted that he heard the words "self-defense" whispered; other jurors stated that they saw Donnie Airsman, Sr. mouthing something but could not understand what he was mouthing. (Tr. 1341-1342) The trial judge specifically asked such juror if anything he heard would cause him to have problems considering the evidence presented, and the juror said, "[n]o, I just wanted to make the Court aware." (Tr. 1342) Furthermore, the judge instructed the jury that it was not to be influenced in any way by the improper comment from Donnie Airsman, Sr. *Id.*

To save this claim from procedural default under *Martinez,* Petitioner must demonstrate that the claim: (1) has "some merit"; and (2) is supported by at least some facts. *Martinez,* 566 U.S. at 14-16. Contrary to Petitioner's assertions, the record supports that the issue was properly addressed by the trial court and the improper comment expressly had no effect on the juror. Accordingly, Petitioner has failed to demonstrate that the claim has any merit; therefore, *Martinez* does not excuse the procedural default of Claim 1 and it should be dismissed, with prejudice.

        b. Denial of right to testify;

This claim was raised for the first time on appeal from the denial of the Rule 37 relief. Petitioner alleges he told his trial counsel numerous times he wanted to testify; however, on the day of his trial, his counsel decided that he could not testify. Petitioner claims his trial counsel made this decision without his knowledge or consent. (DE # 2, p. 13) In support of his argument, Petitioner cites to a portion of the trial transcript in which his trial attorney stated that the defense is not required to put on any witnesses and that a defendant does not have to testify. *Id.* Petitioner has not proven that this claim has any merit. Rather, this claim is not supported by anything other than Petitioner's own assertions, and because they are without factual support of any kind, they cannot be considered "substantial" claims, and the procedural default of Claim 3 is not excused by *Martinez.*

        c. Lack of mitigating evidence introduced;

This claim was also raised for the first time on appeal from the denial of Petitioner's Rule 37 relief. The Petitioner claims that his trial counsel refused to put forth mitigating

evidence during sentencing.  Petitioner states that, even though his trial counsel was aware

of his "courage during military service" and service as a corrections officer, he "refused to

give any of the evidence he had."  (DE # 2, p. 14)  Similarly, and for the reasons set forth

above, the procedural default of this claim is not excused by *Martinez*.  Petitioner's claim

lacks merit and is also wholly without factual support.  In contrast, the record reflects that

the trial court specifically asked defense counsel whether he would be presenting any

evidence at sentencing and counsel for the Petitioner stated "[w]ell, I'll have to talk to the

defendant and see."  (Tr. 1486)  A break was taken for defense counsel to speak with the

Petitioner, and the defense did not present any evidence at sentencing.  (Tr. 1486, 1496)

There is simply nothing, other than Petitioner's own assertions, that his trial counsel chose

not to introduce mitigating evidence against Petitioner's wishes; therefore, under *Martinez*

it cannot be considered a "substantial" claim, and the procedural default of Claim 4 is not

excused.

> d.  Innocence claim;

As previously discussed above, Petitioner alleges it was proven prior to trial the

killing was self-defense but that this discovery was "hidden from the court."  Within his

argument, he states this violates his right to "effective counsel," however, Petitioner does

not state how effective counsel was denied.  Petitioner simply makes a blanket statement

that it violated his right to effective counsel, without any supporting evidence or facts.

Petitioner has failed to set forth a substantial ineffective of assistance counsel claim.

Furthermore, this claim lacks merit. Petitioner argues, "if self-defense can't be proven then

the case is presented to a jury to be decided." (DE # 2, p. 27)  Under Arkansas law, self-

defense is not an affirmative defense, but a defense that the state must disprove once it is put in issue at trial. *See Peals v. State*, 266 Ark. 410, 418 (1979).  Because the underlying claim has no merit, its corollary ineffective assistance of counsel claim must also be denied. *See Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002).  Therefore, Claim 17 is not excused by *Martinez* and should be dismissed with prejudice.

> e.  Prosecutorial misconduct.

The majority of Petitioner's claims revolve around alleged prosecutorial misconduct during his trial.  For each of these claims (Claims 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15), Petitioner asserts a corollary ineffective assistance of counsel claim for his trial counsel's failure to object to the alleged misconduct.

Claims 5 through 13 all allege prosecutorial misconduct for statements made during closing arguments.  These claims lack merit.  With regard to statements made during closing arguments, the Eighth Circuit Court of Appeals has held that [f]ederal habeas relief should only be granted if the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." *James v. Bowersox*, 187 F. 3d 866, 869 (8th Cir. 1999).  Petitioner has failed to show that the statements he references by the prosecutor were improper, much less that they satisfy the inflammatory and outrageous standard as set forth by the Eighth Circuit.  Therefore, it follows that, since the claims have no merit, their corollary ineffective assistance counsel of claims must also fail.  Claims 5 through 13 should be dismissed with prejudice.

Claim 2 alleges that the prosecutor tampered with defense exhibit #1 and purposely excluded a portion of a taped statement by Donnie Airsman, Sr., in which immunity in

exchange for his testimony was discussed.  Petitioner stated this violated his right to effective counsel.  Presumably, Petitioner is arguing that his trial counsel's failure to object to what portion of the tape was played constituted ineffective assistance of counsel.  The record, however, contradicts Petitioner's assertion that the portion of the tape regarding Donnie Airsman, Sr.'s conversation with law enforcement about potential immunity was excluded.  The jury specifically heard Donnie Airsman Sr.'s conversation during his third interview with law enforcement wherein he was told, "I'm telling you if you tell me a story that's the truth, the honest truth of this story that the Prosecutor is not going to charge you for this charge."  (Tr. 1361)  Because the jury heard the portion of the tape that the Petitioner claims was "excluded" by the prosecution, this claim has no merit.  Similar to the previous claims, it follows that the corollary ineffective assistance of counsel claim must also be denied, and Claim 2 should be dismissed with prejudice.  For the same reasons, Petitioner's claim that he was denied effective assistance of counsel because his trial counsel failed to object to the prosecutor's "lies" regarding witness immunity, should also be dismissed with prejudice.

Lastly, in Claim 15, Petitioner argues that the prosecutor misstated the evidence and violated his right to effective counsel.  (DE # 2, p. 25)  In support of his argument, Petitioner cites to a portion of the record wherein the prosecutor indicated he "may have misspoken about something" and asked to recall a witness to clarify.  (Tr. 973)  Defense counsel objected to the witness being recalled because he was not cross-examined and therefore argued that there was nothing for the prosecutor to "redirect on."  *Id.*  The prosecutor moved on; therefore, the record does not reflect how the prosecutor believed she may have

misspoken.  In his petition, Petitioner asserts that the prosecutor misstated "blood sample"

evidence; however, Petitioner has not proven that this claim has any merit.  Rather, this

claim is not supported by anything other than Petitioner's own assertions, and because it is

without factual support of any kind, it cannot be considered a "substantial" claim, and the

procedural default of Claim 15 is not excused by *Martinez*.

B.    Claim 16: A "tainted juror" sat on the case.

   1. *Fair Trial*

In his petition, Petitioner claims that a tainted juror improperly stayed on the jury

after an alleged incident that occurred between deputies, himself, and a juror during a trial

break.  As alleged, a juror came out of the bathroom and the juror and Petitioner spoke

which subsequently resulted in deputies grabbing the juror by the throat and shoving him

back into the bathroom with their guns drawn.  (DE # 2, p. 26)  Petitioner states that he

informed his trial counsel after the incident and his counsel said "let's wait and see." *Id.*

Later, on an unrelated matter, the trial court judge asked the jury if any of them had been

affected by anyone talking to them, and Petitioner claims that the juror, allegedly accosted

by the deputies, remained silent, "turned completely red, and began to shake." *Id.*

This claim was raised in Petitioner's Rule 37 petition but was not raised on direct

appeal.  The Arkansas Supreme Court dismissed Petitioner's claim because: (1) Petitioner

"did not make a clear argument below with respect to whether he claimed the proposed

error was made by the trial court, trial counsel, or the juror when he argued the juror should

have been removed and replaced with one of the alternates," and therefore, the court was

unclear whether Petitioner's claim on appeal was the same claim that he raised in his Rule

37 petition, and (2) regardless of whether or not the court considered this claim as one of juror misconduct or trial court error, it was one that could and should have been raised on direct appeal and was not a claim cognizable in a Rule 37 petition.  (DE # 10-8, p. 3-4) Because Petitioner did not properly exhaust his state remedies regarding this claim, it is procedurally defaulted.

### 2. *Ineffective Assistance of Counsel*

Because the Arkansas Supreme Court addressed this claim on the merits, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407).  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  *Id.* (quoting *Williams*, 529 U.S. at 410-11).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense.  *Id.* at 688.  An attorney's performance is deficient

when it falls below "an objective standard of reasonableness." *Id.* The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland* points out that it is tempting for a defendant to second-guess the assistance of counsel after a conviction, and easy for a court to determine that a decision of counsel was unreasonable after a defense has proven unsuccessful. *Id.* at 689. Instead, however, the Court held that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Furthermore, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

As stated above, the Arkansas Supreme Court adjudicated the ineffective assistance of counsel portion of his "tainted juror" claim and analyzed it under *Strickland.* The court dismissed his claim because it found that Petitioner failed to meet his burden to prove that the incident occurred, that his trial counsel was even aware of the alleged incident, or any prejudice resulting therefrom. (DE # 10-8, p. 4) This Court finds that the Arkansas Supreme Court properly applied *Strickland.* Furthermore, there was extensive and overwhelming evidence adduced by the State at trial, including evidence that the victim went to the sheriff's office more than once claiming that he believed the Petitioner would

18

harm him (Tr. 913-914); the victim claimed that he feared for his life (Tr. 930); the victim sought an order of protection, which was granted, against the Petitioner (Tr. 921); testimony by Donnie Airsman, Sr. that he witnessed the shooting (Tr. 1037- 1039); and the fact that, during Petitioner's first interview with police, he denied any involvement whatsoever in the victim's death (Tr. 1209); however, during his second interview, he confessed but alleged that it was a self-defense killing (Tr. 1232 – 1233).  Given that Petitioner failed to prove his counsel was even aware of the alleged incident and the amount of evidence against the Petitioner, which serves to negate any showing of prejudice under *Strickland*, it cannot be said that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law.  This Court, therefore, gives deference to the Arkansas Supreme Court's ruling of Petitioner's ineffective assistance of counsel "tainted juror" claim.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 12th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE